PER CURIAM:
Claimant brought this action for damage to her 1998 Ford which occurred when gravel and blacktop blew onto her vehicle while it was parked in front of her home on Top Street, Farmington, Marion County. This portion of the road is maintained by the respondent in Marion County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred during the night of April 4, 2000. Claimant Dottie Carpenter went to work on the morning of April 4, 2000. From approximately 9:30 a.m. until 1:00 p.m. respondent performed work on Top Street, also designated as County Route 218/81, while the claimant was at work. Claimant returned to her residence at Top Street after work that evening and parked her car in her driveway. Her residence is located at the end of Top Street, and her vehicle is parked *34 along the road. She testified that she did notice that respondent had performed patch work on Top Street and that when she drove through the patched area there was no damage done to her vehicle. She also stated that she did not move her vehicle after returning home from work on April 4, 2000. During the night, there was a heavy rain and wind storm. When claimant came out ofher house to go to work the next morning, she noticed that there were large rocks and gravel coated with an asphalt like substance all over her vehicle. There were large chunks of rock on her hood, and a large amount of debris in her windshield wiper area. In addition, there were rocks laying on top of the vehicle, the trunk, and some on the side windows as well. The rocks damaged the paint on claimant’s vehicle for which she obtained an estimate from Corwin Ford. The estimate she submitted was in the amount of $2,227.59, which includes the cost of a full paint job and clear coat. Claimant had insurance to cover the damage to her vehicle at the time of this incident. Therefore, she is limited in her recovery to the deductible feature on her insurance policy in the amount of $250.00.
Claimant asserts that respondent was negligent for failing to remove the excess rock and gravel properly and adequately from the area it had blacktopped. Claimant also asserts that this excess rock and gravel was picked up by the heavy wind and rain storm and blown onto claimant’s vehicle.
Respondent’s position is that it adequately sealed the blacktop patchwork it performed and that it did not leave excessive rock or gravel that would cause damage to claimant’s vehicle. Billy Lane, respondent’s foreman at the Mannington Substation in Marion County, testified that he was responsible for the repair work performed on Top Street on the date at issue. Mr. Lane testified that Top Street is a secondary road approximately ten feet in width and two or three miles long. Mr. Lane supervised the crew that repaired Top Street. The repairs were made to the entrance and edges of Top Street which had been broken off in places due to school buses which make frequent stops for children. The holes in the road were also filed with hot “pre-mix” blacktop. His testimony established that the blacktop was applied to the holes, then rolled and compacted. Mr. Lane stated that the blacktop in these holes should stay in place as long as there is a good edge to hold it in place. He also stated that excess blacktop residue is always present after a resurfacing job, but that he does not believe that there was enough residue left on the road to cause damage to claimant’s vehicle. Although possible, he stated that he did not believe the storm on the night of April 4,2000, could have caused this much gravel and rock to accumulate on claimant’s vehicle. However, Mr. Lane could not answer whether or not there was excess rock and gravel at the end of the road where claimant’s home is located or where the road met the grass because he had not checked this location.
It is undisputed that claimant’s vehicle did have rock and gravel on it and that it was damaged as a result. Testimony established that respondent had just finished using blacktop to make repairs on Top Street where claimant parked her vehicle. The explanation that the heavy winds and rain picked up the excess rock and gravel and blew it onto claimant’s vehicle appears to be quite plausible. The fact that claimant’s vehicle was parked at the end of the street where Mr. Lane and his crew did not check for excess rock and gravel leads the Court to conclude that claimant’s vehicle was damaged by this excess rock and gravel at this location.
Therefore, in view of the foregoing, the Court is of the opinion to and does make an award in the amount $250.00 to the claimant.
Award of $250.00.